**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FANUC ROBOTICS AMERICA, INC.,

        Plaintiff,

                                   Case No.: 04-74641

v.                                  HONORABLE VICTORIA A. ROBERTS

BEHR SYSTEMS, INC., DÜRR AG,
        MOTOMAN, INC., and
        YASKAWA ELECTRIC CORP.,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO STAY

**I.    INTRODUCTION**

      This matter is before the Court on Defendants Behr Systems and Motoman,

Inc.'s Motion to Stay Proceedings.  For the reasons stated, the Court GRANTS

Defendants' Motion.

**II.    BACKGROUND**

      FANUC Robotics America, Inc. ("Plaintiff") filed suit on November 29, 2004,

against Behr Systems, Inc.; Dürr AG; Motoman Inc.; and Yaskawa Electric Corp.,

alleging infringement of three patents related to paint robots: U.S. Patent Nos.

6,477,913 ("the '913 patent"); 5,421,218 ("the '218 patent"); and 4,984,745 ("the '745

patent").  The '913 and '218 patents are continuations of the patent application that

became the '745 patent.  On December 18, 2004, Plaintiff filed a complaint with the

International Trade Commission ("ITC") against the same parties, but alleging only an

infringement of the '913 patent.  *See* ITC Investigation No. 337-T-530.

      Behr Systems and Motoman filed this motion, asserting that the Court should

stay this proceeding on all patents pending resolution of the ITC inquiry.  FANUC

asserts that the Court should stay only the '913 patent action.

## III.    APPLICABLE LAW AND ANALYSIS

A.    The '913 Patent

28 U.S.C. § 1659(a) states:

> In a civil action involving parties that are also parties to a proceeding before the
> United States International Trade Commission..., at the request of a party to the
> civil action that is also a respondent in the proceeding before the Commission,
> the district court shall stay, until the determination of the Commission becomes
> final, proceedings in the civil action with respect to any claim that involves the
> same issues involved in the proceeding before the Commission, but only if such
> request is made within... 30 days after the party is named as a respondent in the
> proceeding before the commission.

Defendants Behr Systems and Motoman, Inc., the respondents in the action before the

ITC, timely moved to stay this action.  Accordingly, to the extent that the patent

infringement claims asserted here involve the same issues that are before the ITC, the

Court is statutorily required to stay this action.

The ITC's authority is limited to injunctive relief through cease and desist and

exclusion orders, but does not permit money damages.  *See Texas Instruments, Inc., v.*

*Tessera, Inc.*, 231 F.3d 1325, 1330 (Fed.Cir. 2000).  Therefore, Plaintiff asserts that

discovery should continue in this Court as to "all issues not before the ITC, including, at

the very least, damages and willfulness of infringement."  Pl. Br. Opp'n Mo. Stay at p. 12.

Courts have rejected such an argument, noting:

> While the ITC does not determine the extent of damages for patent infringement
> or whether the infringement was willful, section 1659 speaks in terms of staying
> claims, and not specific issues that are implicated in an individual patent
> infringement claim. If a court were to conclude that a patent infringement claim
> filed in a district court was not subject to a motion to stay under section 1659
> even though it concerned the alleged infringement of the same patent before the

ITC because the ITC was unable to determine the extent and willfulness of damages caused by the infringement, the automatic stay provision of section 1659 would be rendered a nullity.

*Micron Technology, Inc., v. Mosel Vitelic Corp.*, Case No. 98-0293-S-LMB, 1999 U.S. Dist. LEXIS 4792, at *6 (D. Id. March 31, 1999).  This Court agrees.  Therefore, all proceedings related to the '913 patent are stayed pending resolution of the ITC proceeding.

B.     The '218 and '745 Patents

The '218 and '745 patents are not directly involved in a proceeding before the ITC.  Therefore, the Court is not statutorily required to stay proceedings related to those patents.

In determining whether to grant a stay in a patent proceeding, courts have considered the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.  *See Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999); *Gonnocci v. Three M Tool & Mach., Inc.*, 2003 U.S. Dist. LEXIS 24423 at * 7 (E.D. Mich. Oct. 7, 2003).

Plaintiff asserts that because the patents are not directly involved in the ITC proceeding, there is no reason for the Court to stay this action pertaining to them. Plaintiff, however, admits that the '218 and '745 patents are related to the '913 patent in that the '218 and '913 patents are continuations of the '745 patent.  Pl. Br. Opp'n Mo. Stay at 6.

"A continuing application is one filed during the pendency of another application

which contains at least part of the disclosure of the other application and names at least

one inventor in common with that application." *Transco Products, Inc. v. Performance*

*Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994).  Thus, a continuation application

"claims the same invention claimed in an earlier application, although there may be

some variation in the scope of the subject matter claimed." *Id.*  Given that the ITC

record is transmitted to the district court and is admissible pursuant to the Federal Rules

of Evidence, even though the '218 and '745 patents do not contain precisely the same

claims of the other patent that is under review at the ITC, there is a sufficient correlation

among all of the patents for this Court to conclude that a stay will simplify the issues

before this Court.[1]  *See Alloc, Inc. v Unilin Decor N.V.*, Case No. 03-253-GMS, 2003

U.S. Dist. LEXIS 11917 (D. Del. July 11, 2003) (staying proceedings on patent claims

which are continuations of patent before ITC).

Plaintiff contends that it will be prejudiced by a stay because "[d]elays in placing

this matter on the Court's calendar may result in the fading of memories, the possible

loss of relevant documents, and the unavailability of witnesses."  Pl. Br. Opp'n Mo. Stay

at 10.  This, however, is insufficient to establish prejudice because it is unsupported by

the record.  The Court's proceedings would not be stayed indefinitely.  Indeed, the ITC

generally concludes its inquiry within 15 months of the institution of an investigation.

*See* 19 C.F.R. § 210.51(a).

---

[1] Interestingly, Defendants note that Plaintiff seeks discovery of documents related to the '218 and '745 patents in their ITC proceeding.  *See* Def. Reply Br. Supp. Mo. Stay, Exhibit A "Complainant Fanuc Robotics America, Inc.'s First Set of Requests for the Production of Documents and Things (Nos. 1-58) to Respondent Behr Systems, Inc." at Questions 25, 27, and 29.

Lastly, scheduling and discovery have not begun.  Therefore, considering the relevant factors, a stay of the '218 and '745 patent claims is in order as well.

**IV.     CONCLUSION**

For the reasons stated, the Court GRANTS Defendants' Motion to Stay.   The parties are ORDERED to notify the Court within 30 days after the determination of the ITC becomes final.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  June 13, 2005**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 13, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**

---